UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY E. SIMPSON, ) | |
| ) | |
| v. ) | CV-06-15-B-W |
| ) | |
| BERT BEVERLY, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

The Court affirms the recommended decision of the magistrate judge as to the correctional defendants in this case, which recommends dismissing the complaint with prejudice, and grants the dispositive motions as to the remaining defendants.

**I.      STATEMENT OF FACTS**

On February 6, 2006, Jeffrey E. Simpson, formerly a prisoner at the Maine State Prison, filed this section 1983 action against Jeffrey Merrill, the Warden of the Maine State Prison, Martin Magnusson, the Commissioner of the Maine Department of Corrections, and Robert Costigan (collectively the Correctional Defendants); against Correctional Medical Services, Inc., Bert Beverly, and Lynette Meiler (collectively the CMS Defendants); and against Prison Health Services, Inc. and Celia Englander (collectively the PHS Defendants), alleging that the Defendants failed to give him adequate and timely medical treatment for his Hepatitis C infection and further alleging that they interfered with and delayed the provision of prescriptive medication for his serious mental health needs.  *Compl. and Req. for Jury Trial* (Docket # 6). The Defendants have answered and have filed dispositive motions.

## II.     DISCUSSION

### A.     THE CORRECTIONAL DEFENDANTS

The Correctional Defendants moved for summary judgment on April 30, 2007.  *Mot. for Summ. J. of Defs. Costigan, Merrill, and Magnusson* (Docket # 41).  On August 20, 2007, Mr. Simpson filed a motion for voluntary dismissal of each Correctional Defendant.  *Mot. for Voluntary Dismissal Fed. R. Civ. P. 41(A)(2)* (Docket # 71).  The Correctional Defendants responded on August 22, 2007, stating that they had no objection to the dismissal, but asked that it be with prejudice.  *Resp. to Pl.'s Mot. for Dismissal of State Defs.* (Docket # 72).  On September 14, 2007, the magistrate judge issued a decision in which she recommended that the Court "grant the plaintiff's motion to dismiss and dismiss the complaint as to Costigan, the Warden and the Commissioner with prejudice" pursuant to the Court's Rule 41(a)(2) authority.  *Rec. Dec. on Pl.'s Mot. To Dismiss Correctional Defendants* (Docket # 74).  She noted that if the Court accepts this recommendation, the pending motion for summary judgment would become moot.  There has been no objection filed to the magistrate judge's recommended decision dated September 14, 2007.  The Court concurs with the recommendations of the Magistrate Judge that the Plaintiff's motions should be granted, that the complaint against the Correctional Defendants be dismissed with prejudice, and that the Correctional Defendants' motion for summary judgment should be dismissed as moot.

### B.     THE CMS AND PHS DEFENDANTS

The CMS and PHS Defendants moved for summary judgment on May 4, 2007.  *Mot. for Summ. J. of Defs. Correctional Medical Services, Inc., Bert Beverly, M.D., and Lynette Meiler* (Docket # 52); *Mot. for Summ. J. of Defs. Prison Health Services, Inc. and Celia Englander, M.D.* (Docket # 58). On May 29, 2007 Mr. Simpson filed a motion requesting an extension until

July 23, 2007 to file a response; on the same day, the Court granted the motion. *Mot. for Enlargement of Time* (Docket # 66); *Order* (Docket # 67). On July 24, 2007, Mr. Simpson filed a motion for further extension "until mid September 2007"; the Court also granted this motion. *Mot. for Enlargement of Time* (Docket # 69); *Order* (Docket # 70). Mid-September has now come and gone and the Court has received no further filings or requests for extensions from Mr. Simpson. Accordingly, the Plaintiff has failed to respond within the time period the Court allowed for a response to these dispositive motions and he has therefore waived any objection to the motions. D. Me. Loc. R. 7(b).

Mr. Simpson's failure to respond "does not automatically entitle the movant to summary judgment." *Robinson v. Wright*, 460 F. Supp. 2d 178, 182 (D. Me. 2006). Under Federal Rule 56(e), if "the adverse party does not so respond," the Court may grant summary judgment only "if appropriate." Fed. R. Civ. P. 56(e). In these circumstances, the Court must "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101-02 (1st Cir. 2003). Local Rule 56(f) provides that if the facts asserted in a statement of material facts are not "properly controverted," they are "deemed admitted". D. Me. Loc. R. 56(f). The Court has, therefore, reviewed the motions for summary judgment to determine whether the movant parties are entitled to summary judgment as a matter of law based on the admitted facts in their respective statements of material facts. The Court concludes that the CMS and PHS Defendants are entitled to summary judgment.

### III.   CONCLUSION

The Court ORDERS that the recommended decision of the magistrate judge is AFFIRMED. (Docket # 74).  The Court further ORDERS the Complaint against Defendants Jeffrey Merrill, Warden of the Maine State Prison, Martin Magnusson, Commissioner of the Maine Department of Corrections, and Robert Costigan DISMISSED WITH PREJUDICE (Docket # 71) and the Court ORDERS the Defendants' Motion for Summary Judgment DISMISSED as moot (Docket # 41).

The Court GRANTS the motions for summary judgment of Defendants Correctional Medical Services, Bert Beverly, and Lynette Meiler, and against Prison Health Services, and Celia Englander. (Docket # 52, 58).

It ORDERS judgment to be entered in favor of each Defendant and against the Plaintiff.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2007