UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY E. SIMPSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:06-cv-00015-JAW |
| | ) | |
| BERT BEVERLY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER REGARDING CLARIFICATION**

Jeffrey E. Simpson, currently an inmate at a federal penitentiary in Pine Knot, Kentucky, and a former serial civil litigator in this court, filed a motion on January 28, 2013, asking this court to clarify its February 7, 2006, order granting leave to proceed in forma pauperis.  The order required Simpson to pay the entire filing fee as funds become available pursuant to 28 U.S.C. § 1915(b)(2).  In accordance with the statutory directive the order directed that the institution where he was incarcerated forward 20% of Simpson's prior monthly income to this court each time the account exceeded $10.00, until such time as the (then) $ 250.00 filing fee is paid.  At the time the order issued Simpson was incarcerated at USP Allenwood in White Deer, Pennsylvania.  His lawsuit was directed at Maine defendants affiliated with the Maine Department of Corrections.

Simpson may think he has asked the court for a simple clarification when he asks whether I intended that the institution where he is incarcerated deduct the 20% on a per-case basis or a per-prisoner basis.  In other words, Simpson wants to know if his current jailers should take 20% of his prior month's income and distribute it among his outstanding obligations pro rata or pay the oldest case off first and then proceed to the next case, capping his current obligation at 20% *per prisoner*, or whether his current jailers are free to take 20% of his income

*per case* and depending upon the number of cases he must pay, potentially eliminate all but $10.00 of his prior monthly income.  Hypothetically, if Simpson had $100.00 of income last month and has two outstanding obligations, he could owe $20.00 (either $10.00 to each court or $20 paid only to the oldest case first as he requests) or he could owe $40.00 (paying each court 20% for each case).

The answer to Simpson's "clarifying" question is anything but simple.  I will first attempt to chronicle how Simpson got himself into this situation and then explain the competing legal theories about how these payments should be addressed.  Finally, I indicate that I am denying the motion for clarification because Simpson is not incarcerated within the First Circuit's geographical reach, and even if he were so incarcerated, this court's order can only reasonably extend to other cases arising out of litigation in this court, and Simpson has only one filing fee due to this court.

### Jeffrey E. Simpson's Litigation History[1]

My first encounter with a civil lawsuit filed by Jeffrey E. Simpson was in 2002 when he sued the local sheriff and his deputies over a claimed constitutional right to make a phone call.  I ordered Simpson to reimburse the (then) $150.00 filing fee and he paid it off in two installments.  Simpson v. Gallant, 1:02-cv-00015-MJK.  Simpson's second case before me was a petition pursuant to 28 U.S.C. § 2254.  There was only a $5.00 filing fee and the cash was received on the date of filing.  Simpson v. Maine Correctional Center 1:02-cv-00172-GZS.  His third civil case was Simpson v. Penosbscot County Sheriff's Department, 1:03-cv-00055-MJK, a case filed when Simpson was not incarcerated.  He was granted in forma pauperis status and no filing fee

---

[1]     I have no way of ascertaining what cases, if any, Simpson may have filed in state courts, including Maine, and no way of knowing whether those state courts have also issued reimbursement orders.  The litigation history is therefore based on this court's own docket and PACER entries for Jeffrey E. Simpson.  There are multiple Jeffrey Simpson entries on PACER, but I have limited my discussion to those cases brought by Jeffrey **E.** Simpson that appear related to his incarceration while in Pennsylvania.

reimbursement was ordered.  Simpson's fourth case was Simpson v. Green, 1:04-cv-00008-JAW, filed while Simpson was at the Maine State Prison.  No reimbursement papers were ever sent on this case because Simpson voluntarily dismissed the case before that happened. Simpson's fifth case, Simpson v. United States of America, 1:05-cv-00125-GZS, was a motion to vacate pursuant to 28 U.S.C. § 2255 and no filing fee was charged or collected.  His sixth piece of litigation, Simpson v. United States of America, 1:05-cv-00126-GZS, was another § 2255 motion pertaining to a second criminal case, no fees involved.  The seventh filing by Simpson in this court, Simpson v. Securus Technologies, 2:05-cv-00160-GC, came after Simpson had become a federal prisoner and like the two prior § 2255 motions was filed while he was incarcerated at Allenwood Prison in Pennsylvania.  Simpson voluntarily dismissed the case before any filing fee or reimbursement order was assessed.  Finally, Simpson filed the present case while still incarcerated at Allenwood.  To date we have received $34.19 with eight payments sent to the court, the largest one on May 23, 2012, when we received a $25.00 payment.  This court has no other outstanding orders against Simpson and he still owes $215.81 on this filing fee.

Litigation in other federal courts that appears to involve the same Jeffrey Simpson includes three cases filed in the Middle District of Pennsylvania:  Simpson v. Bledsoe, 4:09-cv-01591-MM-DB;  Simpson v. United States, 4:05-cv-01062-MEM-DB;  and Simpson v. Lappin, 4:10-cv-01187-WJN-DB.  The PACER dockets for these cases do not indicate that any order of reimbursement was entered or that any payments have ever been made.  The final case, Simpson v. Sarrazin, 6:06-cv-03002-ODS (W.D. Mo.), does have an order granting IFP status and requiring reimbursement.  To date, $74.27 has been paid in fourteen separate payments, the last one for $6.00 on August 12, 2012.  Even though a case filed in the Western District of Missouri

3

would appear to be an outlier, I am fairly confident this case was filed by Jeffrey E. Simpson because the address is White Deer, Pennsylvania, the same address given in the Middle District of Pennsylvania cases and the post-sentencing cases in this court.  Additionally, the defendant is the director of a federal psychiatric facility in Springfield, Missouri and it appears the case is related to Simpson's federal incarceration.  To the best of my ability to research the question, this case represents the only other active order for reimbursement against Simpson on the federal level.

***The Varying Approaches Among Courts***

Simpson wants me to clarify my order for payment in order for it to provide that the filing fee in this case shall be collected, "consecutively and not simultaneously with any prior filing fee obligation imposed by any court."  (Motion to Clarify at 2.)  In other words, Simpson is asking this court to adopt a per-prisoner rule regarding the collection of the 20% of the income from the prior month.  This approach is in accord with the approach taken by some judges in the District of Massachusetts.  Lafauci v. Cunningham, 139 F. Supp. 2d 144 (D. Mass. 2001);  Faust v. Cabral, 1:12:cv-11091-DJC, 2012 WL 3128016, 2012 U.S. Dist. Lexis 105676 (D. Mass. 2012).[2]  The First Circuit has never addressed this issue.  Other circuits have not been so reticent, creating a significant circuit split on the question.

The Second Circuit has held that the collection of filing fees under 28 U.S.C. § 1915(b)(2) must be pursuant to the per-prisoner interpretation because the per-case interpretation could raise the constitutional problem of equal access to the courts by possibly recouping one hundred percent of an inmate's income for filing fees.  Whitfield v. Scully, 241 F.3d 264, 276 (2d Cir. 2001).  The D.C. Circuit has indicated in dicta that it would most likely

---

[2]         At least one district court in Pennsylvania, but not in the Middle District where Simpson was incarcerated when he filed this suit, also appears to follow the per-prisoner approach.  Fortune v. Patterson, 2:04-cv-00377-TFM-LPL, 2009 WL 3166274, 2009 Lexis Dist. 90032 (W.D. Pa. Aug. 13, 2009).

follow the lead of the Second Circuit.  Tucker v. Branker, 142 F.3d 1294, 1298 (D.C. Cir. 1998).

In an opinion written over a dissent, collecting and examining cases from courts throughout the

country, the Fourth Circuit likewise recently agreed that exacting greater than 20% of a

prisoner's income would be contrary to § 1915(b)(2) and could create constitutional problems.

Torres v. Quinn, 612 F.3d 237 (4th Cir. 2010).

On the other hand, the Fifth and Seventh Circuits have come to the opposite conclusion

and both circuits, for somewhat different reasons, endorse the notion that the PLRA requires

simultaneous payments.  Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002);  Newlin v.

Helman, 123 F.3d 429, 436 (7th Cir. 1997) (overruled in part on other grounds).  The Tenth

Circuit, in an unpublished decision, also endorsed the simultaneous filing fee model.

Christensen v. Big Horn County Bd. Of County Comm'rs, 374 Fed. Appx. 821 (10th Cir. 2010).

Of potential significance to Simpson's claim, the Eighth Circuit has followed the lead of the

Seventh Circuit.  Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998).

Simpson's other fee obligation arises in an Eighth Circuit case, filed in Missouri.  Perhaps of

most significance for Simpson's case, District Courts throughout the Sixth Circuit, including

Kentucky, have also followed the "per case" interpretation of § 1915.  Lyon v. Kentucky State

Penitentiary, 5:02-cv-00053-TBR, 2005 WL 2044955, 2005 U.S. Dist. Lexis 44751 (W.D. Ky.

Aug. 23, 2005);  Suggs v. Caballero, 2:06-cv-13931-VMM, 2007 WL 541909,  2007 U.S. Dist.

Lexis 11147 (E.D. Mich. Feb. 16, 2007).

### My Resolution of the Issue

Simpson wants me to order that the Bureau of Prisons personnel in Kentucky enforce my

order on a consecutive, not simultaneous basis.  Given the facts known to me, 20% of Simpson's

monthly income would be applied to the Missouri case first because that order regarding

payment was entered on January 31, 2006.  The order for payment in this case was entered on February 7, 2006.  I have no idea if there are or will be other orders for payment, but if there are, and they were entered any time after February 7, 2006, under Simpson's approach those orders would be held in abeyance until the filing fee in this case was fully reimbursed,[3] should the Kentucky prison officials choose to follow my "clarification" rather than the subsequent orders of judges in the Fifth, Sixth, Seventh, Eighth, and Tenth Circuits should Simpson file any actions in any of those circuits.

In my view a district court case from the Ninth Circuit provides the best practical guidance to the problem I currently confront regarding the confusing potential of multi-district orders:

> One example of such a result, would be when a prisoner files suit in multiple districts. Reading the statute to allow only a sequential payment of fees per prisoner would result in confusion over which district court would be permitted to collect the twenty percent monthly payment first.  This example is particularly compelling for Hawaii prisoners, because many of them are incarcerated on the Mainland.  Samonte, for instance, is housed in Arizona, although the cases at issue here were all filed in Hawaii.  If Samonte were to now file suit in Arizona, and if § 1915(b)(2) permitted only twenty percent of his income to be deducted per month for filing fees, it would be impossible for both district courts to receive the required 20 percent monthly payments in his cases.

> This also creates an additional burden on prison officials, who would be required to constantly monitor a prisoner's filing fee obligations to determine which case was filed first in which district court, and in which case the next sequential fees should be deducted. This determination becomes more complicated when a prisoner files an appeal. Should the appellate fee obligation in an earlier-filed case trump a district court fee obligation incurred after the first case was commenced in the district court but before the appeal was filed?

Samonte v. Frank, 517 F. Supp. 2d 1238 (D. Haw. 2007).

---

[3]     One would assume that at some point Simpson will run afoul of the "three strikes" rule found at 28 U.S.C. § 1915(g).  A prisoner who has three in forma pauperis actions dismissed because they are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant must pay the filing fee prior to filing an action unless in imminent danger of bodily injury.  Thus, the "three strikes" prisoner does not incur a financial obligation deducted from his prisoner account on a periodic basis.

Given the innumerable practical problems posed by Simpson's request for clarification, involving as it does multi-district orders, including orders from other circuits, I now deny the motion.  I decline to order the Kentucky prison officials, over whom this court probably has no personal jurisdiction, to deduct payments on a consecutive, not simultaneous basis.  Whatever method of computation the Kentucky-based prison officials are using, Simpson will not see all of his prisoner funds depleted on court ordered filing fees, because the plain language of the orders under the PLRA, and the statute itself, allows him to retain $10.00 each month.  There is no suggestion that the statutory provision, as applied in Simpson's case, will unconstitutionally deny him access to the courts, the primary reason given by those courts that have adopted the per-prisoner interpretation.  Since there are no outstanding orders for payment in this court, other than the one in this particular case, I have no occasion to clarify my order for payment to follow the lead of the Massachusetts district court judges cited by Simpson.


*So Ordered.*
February 1, 2013                    /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge